# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN DAVID HUNT,

        Plaintiff,

vs.

TOM M. HARPER, II,

        Defendant.

3:17-cv-00165-RJC-WGC

**ORDER**

This is a diversity case for negligence arising from an alleged incident of road rage. Now pending before the Court is a Motion to Dismiss. (ECF No. 5.)

**I.    FACTS AND PROCEDURAL BACKGROUND**

On November 4, 2014, Plaintiff John Hunt filed a complaint against Defendant Tom Harper in the Second Judicial District of the State of Nevada, Washoe County. (State Court Complaint, ECF No. 6-3.) The complaint alleged one cause of action for negligence based on an altercation between the parties on March 3, 2013. While driving on Veterans Parkway in south Reno, Plaintiff alleges he approached Defendant's vehicle from behind, which was moving at approximately 20 to 25 miles per hour in the left-hand lane despite a posted a speed limit of 45. (*Id.* at ¶ 8.) When Plaintiff tried to pass Defendant on the right side, Defendant "swerved abruptly" in front of Plaintiff's vehicle. (*Id.* at ¶ 9.) Further down the road, while Plaintiff was stopped at a stop sign, Defendant got out of his car and "rapidly approached" Plaintiff's vehicle.

(*Id.* at ¶¶ 10–11.) Having seen Defendant coming toward him, Plaintiff began to exit his vehicle, at which time a "scuffle" ensued between the two men. (*Id.* at ¶¶ 11–12.) During the scuffle, Plaintiff sustained a broken ankle, head trauma, facial bruising, and multiple lacerations. (*Id.* at ¶¶ 12–14.) Plaintiff also developed an infection while in the hospital for treatment, and altogether incurred medical expenses in excess of $540,000. (*Id.* at ¶ 15.)

On February 26, 2016, the state court dismissed Plaintiff's complaint under Nevada Rule of Civil Procedure 4(i), for failure to serve Defendant within 120 days following a court order extending the time for service. (Dismissal Order 2, ECF No. 6-8.) Subsequently, on March 16, 2017, Plaintiff filed a virtually identical complaint in this Court. (Compl., ECF No. 1.) Defendant now moves to dismiss the Complaint with prejudice under the Full Faith and Credit Act, arguing that the instant action is wholly precluded by the state court's prior dismissal of the same claim, based on the same facts, asserted by and against the same parties.

## II. LEGAL STANDARDS

"It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Ross v. Alaska*, 189 F.3d 1107, 1110 (9th Cir. 1999) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). The Nevada Supreme Court requires that three elements be met for claim preclusion to apply:

> (1) the final judgment is valid, (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case, and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a 'good reason' for not having done so.

*Weddell v. Sharp*, 131 Nev. Adv. Op. 28, 350 P.3d 80, 85 (2015), reh'g denied (July 23, 2015) (citations and punctuation omitted). However, "[w]hile the requirement of a valid final judgment

does not necessarily require a determination on the merits, *it does not include a case that was dismissed without prejudice* or for some reason (jurisdiction, venue, failure to join a party) that is not meant to have preclusive effect." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 n.27 (2008) (emphasis added).

## III. ANALYSIS

Here, the state court's dismissal of Plaintiff's initial complaint was without prejudice, and thus not intended to be given preclusive effect. It is clear the state court dismissed the case based solely on Rule 4(i), which provides: "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, *the action shall be dismissed as to that defendant without prejudice* upon the court's own initiative with notice to such party or upon motion . . . ." Nev. R. Civ. Proc. 4(i) (emphasis added). Notwithstanding, Defendant argues that this Court should consider the state court's dismissal to have been with prejudice based on Rule 41(b), which states that unless a dismissal order "otherwise specifies," any involuntary dismissal "other than . . . for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Nev. R. Civ. Proc. 41(b).

However, this argument ignores the express and obligatory language of Rule 4(i). The fact is that any dismissal based solely on Rule 4(i) is necessarily a dismissal without prejudice. The general provisions of Rule 41(b) do not change that fact. *See In re Resort at Summerlin Litig.*, 122 Nev. 177, 185, 127 P.3d 1076, 1081 (Nev. 2006) ("Importantly, where a general statutory provision and a specific one cover the same subject matter, the specific provision controls."). Furthermore, by stating in its order that the dismissal was based on Rule 4(i), the state court sufficiently "otherwise specified" for purposes of Rule 41(b). Lastly, it bears noting that Defendant's own state-court motion to dismiss sought only dismissal *without prejudice*. (*See* Mot. Dismiss 1–5, ECF No. 6-6 ("Defendant . . . hereby moves to dismiss without prejudice . . . .

[T]he Court should dismiss without prejudice the Complaint . . . .").) Despite his prior correct understanding, Defendant now attempts, after the fact, to transform the state court's dismissal into something it is not.

Because the state court dismissed Plaintiff's action under Rule 4(i), the dismissal was without prejudice. By definition, a dismissal without prejudice is not preclusive. Therefore, the dismissal did not prevent Plaintiff from subsequently filing an identical complaint in the same court, much less this one.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is DENIED.

IT IS SO ORDERED.

DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge