

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DAVID HUNT,<br><br>    Plaintiff,<br><br>vs.<br><br>TOM M. HARPER, II,<br><br>    Defendant. | 3:17-cv-00165-RJC-WGC<br><br>**ORDER** |

This case arises out of an alleged incident of road rage. Pending before the Court is a motion for judgment on the pleadings.

I.    **FACTS AND PROCEDURAL HISTORY**

Plaintiff John Hunt sued Defendant Tom Harper for negligence in Nevada state court based on a March 3, 2013 "road rage" incident. According to Plaintiff, while driving on Veterans Parkway in Reno, Nevada, his car approached Defendant's car from behind. Defendant's vehicle was moving at approximately 20–25 miles per hour in the left lane, despite the posted speed limit of 45 miles per hour. When Plaintiff tried to pass on the right, Defendant swerved in front of Plaintiff's car. Further down the road, while Plaintiff was stopped at a stop sign, Defendant got out of his car and "rapidly approached" Plaintiff's car. Plaintiff exited his car, and a "scuffle" ensued, during which Plaintiff sustained a broken ankle, head trauma, facial

bruising, and multiple lacerations. Plaintiff also developed an infection while in the hospital for treatment. Altogether, he incurred medical expenses in excess of $540,000.

The state court dismissed Plaintiff's complaint without prejudice for failure to serve Defendant within 120 days following a court order extending the time for service. Subsequently, on March 16, 2017, Plaintiff filed a virtually identical Complaint in this Court. Defendant moved to dismiss based on claim preclusion, but the Court denied the motion because the state court dismissal was not a final judgment on the merits. Defendant has now answered and has moved for judgment on the pleadings based on the statute of limitations.

## II. LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. . . . [T]he motions are functionally identical . . . .").

The statute of limitations for a negligence claim, i.e., for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another," is two years. Nev. Rev. Stat. 11.190(4)(e). The limitations period is tolled while a defendant is absent from the state. *Id.* § 11.300. A Defendant is not "absent" from the state under the meaning of § 11.300, however, when he is otherwise amenable to service within the state, e.g., via statutory agent or co-resident of suitable age and discretion at his in-state abode. *Bank of Nevada v. Friedman*, 420 P.2d 1, 2–4 (Nev. 1966).

## III. ANALYSIS

The Court rejects the argument that the present motion is barred because Defendant has already made a motion under Rule 12. *See* Fed. R. Civ. P. 12(g)(2). Rule 12(g)(2) specifically

excludes the defenses listed under Rule 12(h)(2), *see id.*, and one such defense is failure to state a claim made via motion for judgment on the pleadings under Rule 12(c), *see* Fed. R. Civ. P. 12(h)(2), (h)(2)(B). The defense of the statute of limitations is properly characterized under the broader defense of "failure to state a claim," *see, e.g., Ervin v. L.A. Cnty.*, 848 F.2d 018, 1019 (9th Cir. 1988), and the present motion for judgment on the pleadings is permitted, because Defendant answered before filing it, and no reply to the answer has been ordered, *see* Fed. R. Civ. P. 7(a), 12(c). Still, the motion fails on the merits.

The running of the limitations period is an affirmative defense, and the Court therefore cannot adjudicate the issue on the pleadings unless the defense appears on the face of the challenged pleading. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007). The Complaint was filed more than two years after the alleged date of the incident. However, the Complaint also alleges that Defendant is a Colorado resident. That implies Defendant left Nevada after the incident occurred, and there is no allegation indicating Defendant was liable to service in Nevada for a total period of two years between the date of the incident and the date of the Complaint. As an individual, he presumably has no agent for service of process in Nevada, and he presumably has no abode in Nevada if he is a Colorado resident.[1]

---

[1] Nor is the Director of the Nevada Department of Motor Vehicles Defendant's agent for service of process in this case. *See* Nev. Rev. Stat. § 14.070(1). The Complaint indicates a personal assault, not a vehicular assault or collision. The fact that the alleged assault happened on a road shortly after use of the roads and was motivated by the victim's use of the roads is not determinative. If the parties had pulled into a private parking lot before the altercation rather than stopping in the road, the result would be even more clear. Still, it is the nature of the incident, not the locations or motivations of the parties, that governs whether the incident "grow[s] out of" the use of the roads. *See id.* The statute clarifies any confusion by explicitly limiting itself to collisions, at least as sought to be applied in derogation of § 11.300. *See id.* § 14.070(6) ("The provisions of this section apply to nonresident motorists and to resident motorists who have left the State or cannot be found within the State following *a crash which is the subject of an action* for which process is served pursuant to this section." (emphases added)). The subject of the present action is not a crash.

The fact that Defendant might have been amenable to service in Colorado under Nevada's long-arm statute does not obviate § 11.300. *See L.A. Airways, Inc. v. Estate of Howard R. Hughes*, 659 P.2d 871, 872–73 (Nev. 1983). A person who resides in another state is "absent" from Nevada, both literally and for the purposes of service of process. Section 11.300 does not ask whether one is amenable to service of process generally but whether one is "absent" from the state. One is not "absent" from Nevada when he may be served here personally (literal presence), *see* Nev. Rev. Stat. § 11.300, or by proxy (legal presence), *see Bank of Nevada*, 420 P.2d at 2–4 (interpreting § 11.300). But the Nevada Supreme Court has explicitly declined to rule that § 11.300 has been directly abrogated due to the adoption of the long-arm statute, *see L.A. Airways*, 659 P.2d at 872–73; rather, it has taken the approach of narrowly interpreting the word "absent" under § 11.300 to require the absence from Nevada not only of the defendant himself but also of any person(s) who could receive service on the defendant's behalf, *see Bank of Nevada*, 420 P.2d at 2–4. A person who is outside of Nevada, and who has no statutory agent or co-resident present in Nevada to accept service, is "absent" from the state for the purposes of § 11.300, and the possibility of obtaining personal jurisdiction over such a person via service in another state under the long-arm statute does not obviate § 11.300. *See L.A. Airways*, 659 P.2d at 872–73 (declining to rule § 11.300 obsolete because the Legislature has not seen fit to repeal it). That is the balance the Court has struck between a strict approach that would contravene the statute's purposes in broad classes of cases and the judicially inappropriate approach of ignoring the statute altogether. *See id.*

///

///

///

///

| | |
|---|---|
| 1 | <div align="center">**CONCLUSION**</div> |
| 2 | IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF No. 15) |
| 3 | is DENIED. |
| 4 | IT IS SO ORDERED. |
| 5 | Dated this ___ day of August, 2017. |

<div align="right">
_____
ROBERT C. JONES
United States District Judge
</div>